# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATE OF AMERICA,<br>Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | CAUSE NO. SA-08-CR-47-OG |
| JACINTO NAVAJAR,<br> Defendant | §<br>§<br>§ | |

## REQUESTED JURY CHARGE

## NUMBER ONE

## CONSPIRACY TO CONDUCT THE AFFAIRS OF AN

## ENTERPRISE THROUGH A PATTERN OF RACKETEERING

The RICO Act, or what is in formal terms the Racketeering Influenced and Corrupt Organizations Act, and more specifically Title 18, section 1962, of the United States Code, makes racketeering an unlawful crime.  Under RICO, it is a crime for anyone employed by or associated with an enterprise engaged in or affecting interstate or foreign commerce to conduct or to participate, whether directly or indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity.  The Defendant, Jacinto Navajar, is charged in Count One with the commission of the crime of racketeering, from on or about the early months of 1980 to on or about January of 2008, in that it is alleged Defendant committed murder and distributed controlled substances.

For you to find Defendant guilty on the criminal charge of racketeering, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*FIRST:* That Defendant was a person employed by or associated with the enterprise charged in the indictment.

*SECOND*: That the enterprise existed as alleged in the government's indictment. An enterprise in this sense includes an individual, a partnership, corporation, an association or other legal entity, as well as a union or group of individuals associated in fact, even though not a legally constituted entity.  The term enterprise also includes associations, regardless of whether the association is legal or illegal in nature.  The enterprise must exist separate and apart from the alleged pattern of racketeering activity in which the defendant allegedly engaged. And the enterprise must be proven to have been an ongoing organization, whether formal or informal in nature, which functioned as a continuing unit.

*THIRD:* That Defendant, either directly or indirectly, conducted or participated in the conduct of the affairs of the enterprise though a pattern of racketeering activity.  Defendant must have participated in either the operation or management of the enterprise, but need not be a member of the upper management.  Racketeering activity includes the acts charged in Count One of the government's indictment.  I already have instructed you on what the government must prove to establish that Defendant committed these acts.

In order to prove a pattern of racketeering activity it is required that at least two acts of racketeering occur within ten years of each other; and furthermore, it is the government's burden to prove both the relationship and continuity of those acts as I have defined them for you.

All of you must be unanimous as to which of the alleged racketeering acts you believe, beyond a reasonable doubt, Defendant committed.  And unless you are unanimous in finding beyond a reasonable doubt that Defendant committed a racketeering act as charged, you must then disregard that particular act in deciding whether or not Defendant is guilty or not of racketeering.  Moreover, it is not sufficient, in meeting the aforementioned test of unanimity, when some jurors

find that Defendant committed two of the alleged acts of racketeering while other jurors on this panel find that Defendant committed different acts.

As I have instructed you, the government must prove that Defendant, directly or indirectly, through a pattern of racketeering as charged, did conduct or participate in the conduct of the affairs of the alleged enterprise.  To do so, the government must additionally demonstrate a relationship amongst the defendants, a pattern of racketeering, and the existence of an enterprise as alleged.  However, Defendant and the enterprise cannot be one and the same.  To prove Defendant conducted or participated in an enterprise as alleged, the government must prove Defendant in fact committed the racketeering acts as it alleges, that Defendant's position in the alleged enterprise facilitated his commission of the racketeering acts, and that these acts had some effect on the enterprise.  And—

*FOURTH*: That the alleged enterprise was engaged in interstate or foreign commerce, or that the enterprise affected interstate or foreign commerce. Defendant engaged in interstate or foreign commerce if he directly or indirectly engaged in the production, distribution or acquisition of goods or services in interstate or foreign commerce.  By definition, Defendant's conduct "affected" interstate or foreign commerce if Defendant's conduct had a government-demonstrated connection or link with such commerce.

It is not necessary, however, for the government to prove that Defendant knew or intended his conduct to affect commerce.  It is only necessary that the natural consequences of Defendant's conduct affected commerce in some way.  Only a minimal effect on commerce is necessary.

Is there a juror who does not understand these principles or cannot follow these instructions?

Respectfully submitted,


/s/ STEVEN P. PRICE
Steven P. Price, Attorney
Texas Bar no. 00786178
7800 IH-10 West, Suite 521
San Antonio, Texas 78230
(210) 341-4070 office
(210) 341-4459 facsimile
Attorney for Defendant, Jacinto Navajar


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Requested Jury Charge* was delivered electronically to the U.S. Attorney's Office, Western District of Texas, 601 N.W. Loop-410, Site 600, San Antonio, Texas 78216, on this the 18th day of March, 2010.


/s/ STEVEN P. PRICE
Steven P. Price, Atty.

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATE OF AMERICA,<br>Plaintiff | § § § | |
| v. | § § | CAUSE NO. SA-08-CR-47-OG |
| JACINTO NAVAJAR,<br> Defendant | § § § | |

## <u>ORDER</u>

ON THIS the ___ day of March, 2010, came on to be heard Defendant's Requested Jury Charge, Number One; and the Court, having considered the matters presented, is of the opinion that Defendant's Motion should be in all things granted.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion is:

Granted _____        Denied _____

_____
Honorable Orlando Garcia