UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | |
| Plaintiff, | ‖ | |
| v. | ‖ | CRIM. NO. SA-08-CR-047 OLG |
| JACINTO NAVAJAR (1),<br>JOSE MARTINEZ (9), and<br>MIKE GARCIA (20), | ‖ | |
| Defendants. | ‖ | |

**PROPOSED INSTRUCTIONS TO THE JURY**

COMES NOW the United States of America, by and through the United States Attorney for

the Western District of Texas, and files the following proposed instructions to the jury as follows:

**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is

the jury. It is my duty to preside over the trial and to determine what evidence is proper for your

consideration. It is also my duty at the end of the trial to explain to you the rules of law that you

must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for

example, instructions about burden of proof and how to judge the believability of witnesses. Then

I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations. (5th Circuit Pattern Jury Instruction 1.03)

**DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts. But in determining what actually happened--that is, in reaching your decision as to the facts--it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less. (5th Circuit Pattern Jury Instruction 1.04)

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT**

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary

that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. (5th Circuit Pattern Instruction 1.05)

**EVIDENCE-EXCLUDING WHAT IS NOT EVIDENCE**

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been stricken in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts. (5th Circuit Pattern Instruction 1.06)

## EVIDENCE-INFERENCES-DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you. (5th Circuit Pattern Instructions 1.07)

## USE OF NOTES DURING DELIBERATIONS

You were permitted to take notes during the trial. Your notes should be used only as memory aids. You must make your decision based on what you recall of the evidence. You should not give your notes precedence over your own independent recollection of the evidence. If you did not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight that the memory or impression of each juror as to what the testimony may have been. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

We have had an official court reporter making a record of the trial; however, we will not have

4

typewritten transcripts of this record available for your use in reaching a decision in this case.

## STIPULATION OF EVIDENCE

The parties have agreed and stipulated to the introduction of certain evidence at trial in this cause. The admission of this evidence is not contested by any party and will be deemed admitted. The evidence whose admission is stipulated consists of twenty-two autopsy reports of the persons whose deaths are alleged in the Indictment, to wit:

1. The Medical Examiner's report of the autopsy of FLORENCIO VASQUEZ;
2. The Medical Examiner's report of the autopsy of ANTHONY BLANCO;
3. The Medical Examiner's report of the autopsy of MICHAEL SANCHEZ;
4. The Medical Examiner's report of the autopsy of RUBEN HERNANDEZ;
5. The Medical Examiner's report of the autopsy of ERNEST GUZMAN;
6. The Medical Examiner's report of the autopsy of JOSE MORENO;
7. The Medical Examiner's report of the autopsy of HENRY CANTU;
8. The Medical Examiner's report of the autopsy of AGUSTIN MACIAS;
9. The Medical Examiner's report of the autopsy of JAIME LOPEZ;
10. The Medical Examiner's report of the autopsy of RAYMOND RODRIGUEZ;
11. The Medical Examiner's report of the autopsy of JESSE MEDINA;
12. The Medical Examiner's report of the autopsy of ROBERT GLEASON;
13. The Medical Examiner's report of the autopsy of ROBERT MURILLO FERNANDEZ;
14. The Medical Examiner's report of the autopsy of JESSE GUEVARA;
15. The Medical Examiner's report of the autopsy of MERCY BROOKS;
16. The Medical Examiner's report of the autopsy of TONY RODRIGUEZ;
17. The Medical Examiner's report of the autopsy of JUAN PEREZ;
18. The Medical Examiner's report of the autopsy of ROY VERA;
19. The Medical Examiner's report of the autopsy of RUDY CONTRERAS;
20. The Medical Examiner's report of the autopsy of JOE SANTOS;
21. The Medical Examiner's report of the autopsy of HECTOR MARTINEZ;
22. The Medical Examiner's report of the autopsy of ROBERT SANCHEZ

These autopsy reports are admitted and may be considered by you as you deem appropriate.

In addition, the parties have agreed and stipulated to the introduction of a firearms report that was marked as Government's Exhibit No. 2751. The admission of this report is not contested by any party and is deemed admitted. This firearms report and may be considered by you

as you deem appropriate.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to understand the questions clearly and to answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and to decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. (5th Circuit Pattern Instruction 1.08)

## IMPEACHMENT BY PRIOR INCONSISTENCIES

6

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves. [I remind you that a defendant has the right not to testify. When the defendant does testify, however, his testimony should be weighed and his credibility evaluated in the same way as that of any other witness.](In the event the defendant testifies) (5th Circuit Pattern Instruction 1.10)

## IMPEACHMENT BY PRIOR CONVICTION

You have been told that certain witnesses were convicted of various criminal offenses. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else. (5th Circuit Pattern Instruction 1.12)

## ACCOMPLICE-INFORMER-IMMUNITY

The testimony of an alleged accomplice, and the testimony of one who provides evidence against a defendant as an informer for pay or for immunity from punishment or for personal

advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether a witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome or the case, or by prejudice against the defendants, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighted with great care. (5th Circuit Pattern Instruction 1.14)

**ACCOMPLICE-CO-DEFENDANT-PLEA AGREEMENT**

In this case the government called as some of its witnesses alleged accomplices, either named as co-defendants in the indictment, or otherwise charged in a separate case, with whom the government has entered into a plea agreement providing for the dismissal of some charges and a lesser sentence that the co-defendant would otherwise be exposed to for the offense to which the co-defendant plead guilty. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence, in and of itself, of the guilt of any other person. (5th Circuit Pattern Instruction 1.15)

**WITNESS USE OF ADDICTIVE DRUGS**

The testimony of someone who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution that the testimony of ordinary witnesses.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt. (5th Circuit Pattern Instruction 1.16)

**EXPERT WITNESS**

During the trial you heard the testimony of expert witnesses. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case. (5th Circuit Pattern Instruction 1.17)

**ON OR ABOUT**

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

**CONSIDER ONLY CRIME CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as otherwise instructed. (5th Circuit Pattern Instruction 1.19)

### CAUTION-PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion. (5th Circuit Pattern Instruction 1.20)

### MULTIPLE DEFENDANTS-SINGLE COUNT

The case of each defendant and the evidence pertaining to the defendant should be considered separately and individually. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant. (5th Circuit Pattern Instruction 1.22)

### CAUTIONARY INSTRUCTION DURING TRIAL-- TRANSCRIPT OF TAPE RECORDED CONVERSATION

Various exhibits have been identified as a typewritten transcript and partial translation from Spanish into English of the oral conversation which can be heard on the tape recording received in evidence as exhibits. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, particularly those portions spoken in Spanish and also to aid you in identifying the speakers.

10

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

## REDACTION OF INDICTMENT

Certain portions of the Indictment have been removed so that you will not have the complete Indictment before you for your consideration. This process of removing portions of the Indictment is referred to as "redaction." You may not speculate either as to why portions of the Indictment were redacted or ast to the content of the redacted portions.

## INDICTMENT

The Indictment charges one offense. Now I will read to you the Indictment and give you my instructions with reference ot the essential elements of the offense which must be proven by the Government beyond a reasonable doubt before you can convict a defendant. You will have a copy of the Indictment with you in the jury room.

It reads as follows:

**18 U.S.C. § 1962(d) RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO") CONSPIRACY**

Title 18, United States Code, Section 1962(c) makes unlawful the crime of racketeering in what is known as the Racketeer Influenced and Corrupt Organizations statute, or the RICO statute. This statute makes it a crime for any persons employed by or associated with an enterprise engaged in, or the activities of which affect interstate or foreign commerce, to conduct or participate in the conduct of the affairs of that enterprise through a pattern of racketeering activity.

Title 18, United States Code, Section 1962(d) makes unlawful the crime of conspiracy to violate the RICO statute. The defendants are charged in Count One with conspiracy to violate the RICO statute, in violation of Title 18 United States Code, Section 1962(d). This means that the defendants have been charged with conspiracy to conduct or participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity. The defendants are charged in Count One of the Indictment with having committed this crime from the early1980's until the date of the Indictment, in that the defendants were employed by and associated with the enterprise known as the Texas Mexican Mafia, whose purposes were:

1. To enrich its members through, among other things, drug trafficking, extortion, robbery, and murder;

2. To preserve and protect the power and profits of the Texas Mexican Mafia through the use of intimidation, violence, threats of violence, assault, and murder;

3. To promote and enhance the Texas Mexican Mafia and its members' activities;

4. To keep its victims in fear of the Texas Mexican Mafia and in fear of its members through violence and threats of violence.

For you to find a defendant guilty of a RICO conspiracy offense, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

**First**: The existence of an enterprise or that an enterprise would exist;

**Second**: That the enterprise was or would be engaged in, or its activities affected or would affect, interstate or foreign commerce; and

**Third**: That each defendant knowingly agreed that a conspirator – which conspirator may include the defendant himself – would commit a violation of 18 U.S.C.§ 1962(c).

### RICO SUBSTANTIVE OFFENSE – ESSENTIAL ELEMENTS

Now I will instruct you on the law applicable to each of the three essential elements of RICO conspiracy. As I mentioned, the third element of a RICO conspiracy violation, 18 U.S.C. § 1962(d), is that the defendant agreed that a conspirator – which conspirator may include the defendant himself – would commit a violation of the substantive RICO statute, 18 U.S.C. § 1962(c). The elements of a substantive RICO violation are as follows:

**One:** An enterprise, as described in the indictment, existed on or about the time alleged in the indictment;

**Two:** The enterprise engaged in, or its activities affected, interstate or foreign commerce;

**Three:** The defendant was employed by or was associated with the enterprise;

**Four:** The defendant knowingly conducted or participated, either directly or indirectly, in the conduct of the affairs of the enterprise; and

**Five:** The defendant knowingly participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as described in the

13

indictment; that is, through the commission of at least two of the charged racketeering acts within ten years of each other, or through causing or aiding and abetting the commission of two such racketeering acts.

**AUTHORITY**

Seventh Circuit Pattern Jury Instructions (1999 Ed.); Eleventh Circuit Pattern Jury Instructions § 71.1 (2003 Ed.);  Sedima, S.P.R.L. v. Imrex, Co., 473 U.S. 479, 496-97 (1985); United States v. Smith, 413 F.3d 1253 (10th Cir. 2005); United States v. Pipkins, 378 F.3d 1281, 1288 (11th Cir. 2004); United States v. Posado-Rios, 158 F. 3d 832, 855 (5th Cir. 1998); United States v. Hoyle, 122 F.3d 48, 50 (D.C. Cir. 1997); United States v. Starrett, 55 F.3d 1525, 1541 (11th Cir. 1995); United States v. Console, 13 F.3d 641, 652-53 (3d Cir. 1993); United States v. Alvarez, 860 F.2d 801, 818 (7th Cir. 1988).

**ENTERPRISE – DEFINED**

As you have heard and will hear from the instructions that I give you, there is some overlap between the elements of a RICO conspiracy violation and a substantive RICO violation.  For instance, the existence of an enterprise is an element that each violation requires.  For a substantive RICO violation, the government must prove that an enterprise existed on or about the time charged in an indictment.  By contrast, for a RICO conspiracy violation –  which is the violation with which the defendants in this case are charged in Count One of the Indictment – the government must prove either that an enterprise actually existed or that an enterprise would exist during the time period charged in the Indictment.

As used in these instructions, the term "enterprise" "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).

The term "enterprise" as used in these instructions may include a group of individuals associated in fact, even though this association is not recognized as a legal entity.  Thus, an

14

enterprise need not be a formal business entity such as a corporation, but may be merely an informal association of individuals. A group or association of people can be an "enterprise" if these individuals have "associated together for a common purpose of engaging in a course of conduct." [United States v. Turkette, 452 U.S. 576, 583 (1981); Boyle v. United States, 556 U.S. __, 129 S.Ct. 2237, 2243, 173 L.Ed.2d 1265 (2009.)]

The existence of an association-in-fact enterprise is proven by evidence of an ongoing organization, formal or informal, and by evidence that the various associates functioned as a continuing unit. The enterprise must have the three following structural features: (1) a purpose; (2) relationships among those associated with the enterprise; and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose. [Boyle, 129 S.Ct. at 2244].

It is not necessary that the enterprise have any particular or formal structure, but it must have sufficient organization that its members functioned and operated in a coordinated manner in order to carry out the alleged common purpose or purposes of the enterprise. Such a group need not have a hierarchical structure or a "chain of command"; decisions may be made on an ad hoc basis and by any number of methods- by majority vote, consensus, a show of strength, etc. Members of the group need not have fixed roles; different members may perform different roles at different times. The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies. While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, nothing in RICO exempts an enterprise whose associates engage in spurts of activity punctuated by periods of inactivity. [Boyle, 129 S.Ct. at 2245].

Thus, an enterprise need not have role differentiation, a unique *modus operandi*, a chain of

command, professionalism and sophistication of organization, diversity and complexity of crimes, uncharged or additional crimes aside from predicate acts, an internal discipline mechanism, or an enterprise name. Moreover, an enterprise is not required to be "business-like" in its form or function, and it may, but need not, have an economic or profit-seeking motive. Indeed, RICO is not limited to groups whose crimes are sophisticated, diverse, complex, or unique. [Boyle, 129 S.Ct. at 2243; 2245-46].

Such an association of individuals may retain its status as an "enterprise" even though the membership of the association changes over time by adding or losing individuals during the course of its existence. The existence of the enterprise continues even if there is a gap or interruption of the enterprise's racketeering activities. [United States v. Payne, 591 F.3d 46, 60 (2d Cir. 2010); United States v. Olson, 450 F.3d 655, 668 (7th Cir. 2006); United States v. Perholtz, 842 F.2d 343, 362-63 (D.C. Cir. 1988)].

Although the existence of an enterprise is a distinct element that must be proved by the government, it is not necessary to find that the enterprise had some function wholly unrelated to the racketeering activity. Common sense dictates that the existence of an association-in-fact enterprise is oftentimes more readily proven by what it does rather than by an abstract analysis of its structure. Thus, the evidence used to prove the pattern of racketeering and the enterprise "may in particular cases coalesce." Therefore, you may consider proof of the racketeering acts to determine whether the evidence establishes the existence of the charged enterprise, and, further, you may infer the existence of the enterprise from the evidence used to prove the pattern of racketeering activity [Boyle, 129 S.Ct. at 2247; Turkette, 452 U.S. at 583].

The term enterprise includes legitimate and illegitimate enterprises. [Turkette, 452 U.S. at

585]. An enterprise can be a vehicle used by a defendant to commit crimes [National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 259 (1994)], and the enterprise itself may be a victim [Cedric Kushner Promotions Ltd. v. King, 533 U.S. 158, 164 (2001)].

The government is not required to prove each and every allegation about the enterprise or the manner in which the enterprise operated. [Seventh Circuit Pattern Jury Instructions, p. 320 (1999 Ed..) Note: The statement in this Pattern Jury Instruction that the government must prove the association-in-fact had some form of structure beyond that necessary to conduct the charged pattern of racketeering is not an enterprise requirement per Turkette and Boyle].

**AUTHORITY**

2B O'Malley, Grenig, Lee, Federal Jury Practice and Instructions, § 56.04 (5th ed. 2009); Seventh Circuit Pattern Jury Instructions, p. 320 (1999 Ed..); Black's Law Dictionary 893-94 (6th Edition 1990); Boyle v. United States, 556 U.S. __ (2009); Cedric Kushner Promotions Ltd. v. King, 533 U.S. 158, 164 (2001); National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 259 (1994); United States v. Turkette, 452 U.S. 576, 583 (1981); United States v. Payne, 591 F.3d 46, 60 (2d Cir. 2010); Odom v. Microsoft, 486 F.3d 541, 548-50 (9th Cir. 2007); United States v. Olson, 450 F.3d 655, 668 (7th Cir. 2006); United States v. Patrick, 248 F.3d 11, 18-19 (1st Cir. 2001); United States v. Richardson, 167 F.3d 621, 625 (D.C. Cir. 1999); United States v. Pelullo, 964 F.2d 193, 211 (3d Cir. 1992); United States v. Coonan, 938 F.2d 1553, 1559-61 (2d Cir. 1991); United States v. Perholtz, 842 F.2d 343, 362-63 (D.C. Cir. 1988).

**ENGAGING IN OR AFFECTING INTERSTATE OR FOREIGN COMMERCE**

The "interstate or foreign commerce" element is another element that the government must prove for either a substantive RICO violation or a RICO conspiracy violation. For a substantive RICO violation, the government must prove that the charged enterprise engaged in, or its activities affected, interstate or foreign commerce. By contrast, for a RICO conspiracy violation – which is the violation with which the defendants in this case are charged in Count One of the Indictment – the government must prove that the enterprise was or would be engaged in, or its activities affected

or would affect, interstate or foreign commerce.

Interstate commerce means trade or conducting business or travel between one state and another state or the District of Columbia; and foreign commerce means such trade, business or travel between the United States and another country. Therefore, interstate and foreign commerce may include the movement of money, goods, services or persons from one state to another state or the District of Columbia or between the United States and another country. This may include, among other matters, the purchase or sale of goods or supplies from outside the United States or the state in which the enterprise was located, the use of interstate or international mail or wire facilities, or the causing of any of those things.

An enterprise "is generally 'engaged in commerce' when it is itself directly engaged in the production, distribution or acquisition of goods or services in interstate commerce." [United States v. Robertson, 514 U.S. 669, 672 (1995)]. If you find that the evidence is sufficient to prove that the enterprise was "engaged in" interstate commerce or foreign commerce, the required nexus to interstate or foreign commerce is established, and therefore the government is not required to prove the alternative that the activities of the enterprise affected interstate or foreign commerce.

Regarding that alternative method of satisfying this element, to establish the requisite effect on interstate or foreign commerce, the government is not required to prove a significant or substantial effect on interstate or foreign commerce. Rather, a minimal effect on interstate or foreign commerce is sufficient.

It is not necessary for the government to prove that the individual racketeering acts themselves affected interstate or foreign commerce; rather, it is the enterprise and its activities considered in their entirety that must be shown to have that effect. On the other hand, this effect on

interstate or foreign commerce may be established through the effect caused by the individual racketeering acts.

Moreover, it is not necessary for the government to prove that the defendant knew that the enterprise would affect interstate or foreign commerce, that the defendant intended to affect interstate or foreign commerce, or that each defendant engaged in, or his activities affected, interstate or foreign commerce.

The government contends that the enterprise in this case was engaged in [or would be engaged in], or affected [or would affect], interstate or foreign commerce, in the following ways, among others:

[**List each significant category of proof relied upon**].

The government is not required to prove all the circumstances outlined above. To satisfy this element, the government need only prove beyond a reasonable doubt either that the activities of the enterprise considered in their entirety had some minimal effect on [or would effect] interstate or foreign commerce, or that the enterprise was "engaged in" [or would be engaged in] interstate or foreign commerce.

**AUTHORITY**

Seventh Circuit Pattern Jury Instructions, p. 324 (1999 Ed.); 2B O'Malley, Grenig, Lee, Federal Jury Practice and Instructions, § 56.05 (5th Ed. 2000); United States v. Robertson, 514 U.S. 669, 671-72 (1995); United States v. Gardiner, 463 F.3d 445, 458 (6th Cir. 2006); United States v. Johnson, 440 F.3d 832, 841 (6th Cir. 2006); United States v. Smith, 413 F.3d 1253, 1274 (10th Cir. 2005); United States v. Delgado, 401 F.3d 290, 297 (5th Cir. 2005); United States v. Fernandez, 388 F.3d 1199, 1249 (9th Cir. 2004); United States v. Pipkins, 378 F.3d 1281, 1295 (11th Cir. 2004); United States v. Shryock, 342 F.3d 948, 985 (9th Cir. 2003); United States v. Chance, 306 F.3d 356, 373-374 (6th Cir. 2002); United States v. Marino, 277 F.3d 11, 34-35 (1st Cir. 2002); United States v. Riddle, 249 F.3d 529, 537 (6th Cir. 2001); De Falco v. Bernas, 244 F.3d 286, 309 (2d Cir. 2001); United States v. Frega, 179 F.3d 793, 800-801 (9th Cir. 1999); United States v. Miller, 116 F.3d 641, 673-74 (2d Cir. 1997); United States v. White, 116 F.3d 903, 925 & n. 8 (D.C. Cir. 1997); United States v.

Beasley, 72 F.3d 1518, 1526 (11th Cir. 1996); United States v. Farmer, 924 F.2d 647, 651 (7th Cir. 1991); United States v. Norton, 867 F.2d 1359 (11th Cir. 1989)(collecting cases); United States v. Doherty, 867 F.2d 47, 68 (1st Cir. 1989); United States v. Muskovsky, 863 F.2d 1319, 1325 (7th Cir. 1988); United States v. Qaoud, 777 F.2d 1105, 1116-17 (6th Cir. 1985); United States v. Conn, 769 F.2d 420, 423-24 (7th Cir. 1985); United States v. Bagnariol, 665 F.2d 877, 892-93 (9th Cir. 1981); United States v. Long, 651 F.2d 239, 241-42 (4th Cir. 1981); United States v. Stratton, 649 F.2d 1066, 1075 (5th Cir. 1981); United States v. Rone, 598 F.2d 564, 573 (9th Cir. 1979).

**DEFENDANT WAS EMPLOYED BY OR ASSOCIATED WITH THE ENTERPRISE**

The third element of a RICO substantive offense is that the defendant was "employed by" **or** "associated with" the enterprise. Either one is sufficient to establish this element.

For a substantive RICO violation, the government must prove that the defendant was employed by or was associated with the enterprise. By contrast, for a RICO conspiracy violation – which is the violation with which the defendants in this case are charged in Count One of the Indictment – the government need only prove that the defendant or one of his conspirators would have been employed by or associated with the enterprise.

The term "employed by" should be given its common, plain meaning. Thus, a person is "employed by" an enterprise when, for example, he is on the payroll of the enterprise and performs services for the enterprise, holds a position in the enterprise, or has an ownership interest in the enterprise.[1]

"Associated with" also should be given its plain meaning. As stated in Webster's Third New International Dictionary (1971 ed.), to "associate" means "to join, often in a loose relationship as a partner, fellow worker, colleague, friend, companion or ally ... to join or connect with one another." Therefore, a person is "associated with" an enterprise when, for example, he joins with other

---

[1] See United States v. Gabrielle, 63 F.3d 61, 68 (1st Cir. 1995); United States v. Console, 13 F.3d 641, 654 (3d Cir. 1993).

members of the enterprise and he knowingly aids or furthers the activities of the enterprise, or he conducts business with or through the enterprise.

It is not required that the defendant have been "employed by" or "associated with" the enterprise for the entire time the enterprise existed. The government also is not required to prove that the defendant had a formal position in the enterprise, or participated in all the activities of the enterprise, or had full knowledge of all the activities of the enterprise, or knew about the participation of all the other members of the enterprise. Rather, it is sufficient that the government prove beyond a reasonable doubt that at some time during the existence of the enterprise as alleged in the indictment, the defendant was "employed by" or "associated with" the enterprise within the meaning of those terms as I have just explained and that he knew of the general nature of the enterprise, and that the enterprise extended beyond his own role in the enterprise.

## AUTHORITY

United States v. Marino, 277 F.3d 11, 33 (1st Cir. 2002); United States v. Zichetello, 208 F.3d 72, 99 (2d Cir. 2000); United States v. Tocco, 200 F.3d 401, 425 (6th Cir. 2000); United States v. Gabriele, 63 F. 3d 61, 98 (1st Cir. 1995); United States v. Console, 13 F. 3d 641, 653 (3d Cir. 1993); United States v. Mokol, 957 F.2d 1410 1417 (7th Cir. 1992); United States v. Eufrasio, 935 F.2d 553, 577 n.29 (3d Cir. 1991); United States v. Rastelli; 870 F.2d 827, 828 (2d Cir. 1989)(collecting cases); United States v. Yonan, 800 F.2d 164, 167 (7th Cir. 1986); United States v. Tille, 729 F.2d 615, 620 (9th Cir. 1984); United States v. Bright, 630 F.2d 804, 830 (5th Cir. 1980); United States v. Herman, 589 F.2d 1191, 1194, 1198 (3d Cir. 1978), cert. denied, 441 U.S. 913 (1979); United States v. Forsythe, 560 F.2d 1127, 1136 and n.14 and n.15 (3d Cir. 1977); United States v. McMonagle, 437 F. Supp. 721, 723 (E.D. Pa. 1977).

### TO CONDUCT OR PARTICIPATE IN THE CONDUCT OF THE AFFAIRS OF THE ENTERPRISE

The fourth element of a RICO substantive offense is that the defendant conducted or participated, directly or indirectly, in the conduct of the affairs of the enterprise. Such proof may include evidence that the defendant intentionally performed acts, functions or duties which are

necessary to, or helpful in, the operation of the enterprise. Thus, for a substantive RICO violation, the government must prove that the defendant participated in the operation or management of the enterprise itself or that he had some part in directing the enterprise's affairs. However, the government need not prove that the defendant exercised significant control over or within the enterprise, or that he had a formal position in the enterprise, or that he had primary responsibility for the enterprise's affairs. Rather, "[a]n enterprise is 'operated' not just by upper management but also by lower-rung participants in the enterprise who are under the direction of upper management" or carry out upper management's orders. [Reves v. Ernst & Young, 507 U.S. 170, 184 (1993)]. Therefore, you may find guilty "all who participate in the conduct of [the] enterprise, whether they are generals or foot soldiers." [United States v. Oreto, 37 F.3d 739, 751 (1st Cir. 1994)]. An enterprise also might be operated or managed by one "who exerts control over [the enterprise]." [Reves, 507 U.S. at 184.].

For a RICO conspiracy violation, the government need not prove that the defendant personally participated in the operation or management of the enterprise. Rather, a defendant may be convicted of a RICO conspiracy offense even if he did not personal participated in the operation or management of the enterprise when the evidence establishes that the defendant knowingly agreed to facilitate a scheme which, if completed, would constitute a RICO substantive violation involving at least one conspirator who would participate in the operation of management of the enterprise.[2]

---

[2]   See, United States v. Fernandez, 388 F.3d 1199 (9th Cir. 2004), *overruling* Neibel v. Trans World Assurance Co., 108 F.3d 1123, 1128-29 (9th Cir. 1997); Smith v. Berg, 247 F.3d 532, 534 (3rd Cir. 2001), *overruling* United States v. Antar, 53 F.3d 568, 581 (3d Cir. 1995); Brouwer v. Raffensperger, Hughes & Co., 199 F.3d 961 (7th Cir. 2000); United States v. Posada-Rios, 158 F.3d 832, 857 (5th Cir. 1998); United States v. Castro, 89 F.3d 1443, 1451-52 (11th Cir. 1996), cert. denied, 117 S. Ct. 1905 (1997); MCM Partners, Inc. v. Andrews-Bartlett & Associates, 62 F.3d 967, 979-81 (7th Cir. 1995); United States v. Starrett, 55 F.3d 1525, 1547-48

**AUTHORITY**

Adapted From 2B O'Malley. Grenig, Lee, <u>Federal Jury Practice and Instructions</u>, § 56.08 (5th ed. 2000); <u>Reves v. Ernest & Young</u>, 507 U.S. 170, 179-86 (1993); <u>Williams v. Mohawk Industries</u>, 465 F.3d 1277, 1285 (11th Cir. 2006); <u>Tal v. Hogan</u>, 453 F.3d 1244 (10th Cir. 2006) (contra holding); <u>United States v. Urban</u>, 404 F.3d 754, 769 (3rd Cir. 2005); <u>United States v. Delgado</u>, 401 F.3d 290, 297-298 (3rd Cir. 2005); <u>United States v. Cummings</u>, 395 F.3d 392, 398-399 (7th Cir. 2005) (*contra* holding) (<u>note</u>: OCRS believes that this case is wrongly decided); <u>United States v. Fernandez</u>, 388 F.3d 1199, 1230 (9th Cir. 2004); <u>First Capital Asset Management v. Satinwood, Inc.</u>, 385 F.3d 159, 176-78 (2d Cir. 2004); <u>United States v. Cianci</u>, 378 F.71, 96 (1st Cir. 2004); <u>Baisch v. Gallina</u>, 346 F.3d 366, 376 (2d Cir. 2004); <u>United States v. Shryock</u>, 342 F.3d 948, 985-986 (9th Cir. 2003); <u>United States v. Warneke</u>, 310 F.3d 542, 548 (7th Cir. 2002); <u>United States v. Swan</u>, 250 F.3d 495, 499 (7th Cir. 2001); <u>Slaney v. the International Amateur Athletic Federation</u>, 244 F.3d 580, 598 (7th Cir. 2001); <u>DeFalco v. Bernas</u>, 244 F.3d 286, 309-310 (2d Cir. 2001); <u>BancOklahoma Mortg., v. Capital Tile Co.</u>, 194 F.3d 1089, 1101-1102 (10th Cir. 1999); <u>United States v. Diaz</u>, 176 F.3d 52, 92-93 (2d Cir. 1999); <u>United States v. Owens</u>, 167 F.3d 739, 753-54 (1st Cir.1999); <u>United States v. Parise</u>, 159 F.3d 790, 796 (3d Cir. 1998); <u>United States v. Hurley</u>, 63 F.3d 1, 11 (1st Cir. 1995); <u>United States v. Wong</u>, 40 F.3d 1347, 1373 (2d Cir. 1994); <u>United States v. Viola</u>, 35 F.3d 37, 41 (2d Cir. 1994); <u>United States v. Oreto</u>, 37 F.3d 739, 750 (1st Cir. 1994); <u>United States v. Weiner</u>, 3 F.3d 17, 23-24 (1st Cir. 1993); <u>University of Maryland v. Peat, Marwick, Main</u>, 996 F.2d 1534, 1539 (3d Cir. 1993).

**PATTERN OF RACKETEERING ACTIVITY**

The fifth element the government must prove for a substantive RICO violation is that the defendant engaged in a pattern of racketeering activity. For a RICO conspiracy violation – which is the violation with which the defendants in <u>this</u> case are charged – the government must prove that the defendant agreed that a conspirator (which conspirator could be the defendant himself) would commit, a pattern of racketeering activity.

As I have already stated, the Indictment alleges that the defendant and his alleged co-conspirators agreed to commit _____ Racketeering Acts including [**briefly list the types**

---

(11th Cir. 1995), <u>cert. denied</u>, 116 S. Ct. 135 (1996); <u>United States v. Napoli</u>, 45 F.3d 680, 683-84 (2d Cir.), <u>cert. denied</u>, 115 S. Ct. 1796 (1995); <u>United States v. Viola</u>, 35 F.3d 37, 43-44 (2d Cir. 1994), <u>cert. denied</u>, 115 S. Ct. 1270 (1995); <u>United States v. Quintanilla</u>, 2 F. 3d 1469, 1484-85 (7th Cir. 1993). <u>See also</u> <u>United States v. Thomas</u>, 114 F.3d 228, 243 (D.C. Cir. 1997) (declining to resolve the issue).

**of offenses - e.g., murder, extortion, mail fraud, etc.**].  To establish a "pattern of racketeering activity," the government must prove three elements beyond a reasonable doubt:

<u>One:</u>  The defendant intentionally committed, or caused, or aided and abetted the commission of, two or more of the racketeering acts alleged in the indictment.[3]  These two or more racketeering acts must have been committed within ten years of each other.  Your verdict must be unanimous as to which specific racketeering acts you find that the defendant committed, caused or aided and abetted.  Shortly, I will instruct you on the elements regarding each of the charged racketeering acts.

<u>Two:</u>  The racketeering acts have a "nexus" to the enterprise and the racketeering acts are "related."  A racketeering act has a "nexus" to the enterprise if it has a meaningful connection to the enterprise.  To be "related," the racketeering acts must have the same or similar purposes, results, participants, victim, or methods of commission, or be otherwise interrelated by distinguishing characteristics and not be merely isolated events.  Two racketeering acts may be "related" even though they are dissimilar or not directly related to each other, provided that the racketeering acts are related to the same enterprise.  For example, for both "nexus" and "relatedness" purposes, the requisite relationship between the RICO enterprise and a predicate racketeering act may be

---

[3]  Note that every court that has considered the issue has held that RICO does not require any mens rea or scienter element beyond what the predicate offenses require.  <u>See, e.g.</u>, <u>United States v. Baker</u>, 63 F.3d 1478, 1492-93 (9th Cir. 1995); <u>United States v. Blinder</u>, 10 F.3d 1468, 1477 (9th Cir. 1993); <u>United States v. Biasucci</u>, 786 F.2d 504, 512-13 (2d Cir. 1986); <u>United States v. Pepe</u>, 747 F.2d 632, 675-76 (11th Cir. 1984); <u>United States v. Scotto</u>, 641 F.2d 47, 55-56 (2d Cir. 1980); <u>United States v. Boylan</u>, 620 F.2d 359, 361-62 (2d Cir. 1980).  Therefore, the jury must be instructed that it must find whatever mens rea is required to prove the charged predicate racketeering acts, which may vary depending on the offense (<u>i.e.</u>, intentional, knowing, or willful, etc.).

established by evidence that the defendant was enabled to commit the racketeering act solely by virtue of his position in the enterprise or involvement in or control over its affairs, or by evidence that the defendant's position in the enterprise facilitated his commission of the racketeering act, or by evidence that the racketeering act benefitted the enterprise, or by evidence that the racketeering act was authorized by the enterprise or by evidence the racketeering act promoted or furthered the purposes of the enterprise.

**Third:** The racketeering acts themselves either extended over a substantial period of time **or** they pose a threat of continued criminal activity. The government need not prove such a threat of continuity by any mathematical formula or by any particular method of proof, but rather may prove it in a variety of ways. For example, the threat of continued unlawful activity may be established when the evidence shows that the racketeering acts are part of a long-term association that exists for criminal purposes or when the racketeering acts are shown to be the regular way of conducting the affairs of the enterprise.

Moreover, in determining whether the government has proven the threat of continued unlawful activity, you are not limited to consideration of the specific racketeering acts charged against the defendant; rather, in addition to considering such acts you also may consider the nature of the enterprise, and other unlawful activities of the enterprise and its members viewed in their entirety, including both charged and uncharged unlawful activities.[4]

---

[4]     See H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 299, 242-43 (1989); United States v. Richardson, 167 F.3d 621, 625-26 (D.C. Cir. 1999); Tabas v. Tabas, 47 F.3d 1280, 1294-95 (3d Cir. 1995)(en banc); United States v. Busacca, 936 F.2d 232, 238 (6th Cir. 1991); United States v. Alkins, 925 F.2d 541, 551-53 (2d Cir. 1991); United States v. Coiro, 922 F.2d 1008, 1017 (2d Cir. 1991); United States v. Gonzalez, 921 F.2d 1530, 1544-45 & n. 23 (11th Cir. 1991); United States v. Link, 921 F.2d 1523, 1527 (11th Cir. 1991); United States v.

**AUTHORITY**

Seventh Circuit Pattern Jury Instructions (1999 Ed.); H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 242-43 (1989); United States v. Olson, 450 F.3d 655, 671 (7th Cir. 2006); United States v. Hively, 437 F.3d 752, 761-764 (8th Cir. 2006); United States v. Smith, 413 F.3d 1253, 1269-1272 (10th Cir. 2005); United States v. Delgado, 401 F.3d 290, 298 (5th Cir. 2005); United States v. Cianci, 378 F.3d 71, 88-89 (1st Cir., 2004); United States v. Irizarry, 341 F.3d 273, 302 (3rd Cir. 2003); United States v. Connolly, 341 F.3d 16, 30; 31 (1st Cir. 2003); United States v. Marino, 277 F.3d 11, 26-28 (1st Cir. 2002); United States v. Torres, 191 F.3d 799, 808 (7th Cir. 1999); United States v. Diaz, 176 F.3d 52, 93-94 (2d Cir. 1999); United States v. Richardson, 167 F.3d 621, 626 (D.C. Cir. 1999); United States v. Posada-Rios, 158 F.3d 832, 856-57 (5th Cir. 1998); United States v. Polanco, 145 F.3d 536, 541 (2d Cir. 1998); United States v. White, 116 F.3d 903, 925, n. 7 (D.C.Cir. 1997); United States v. Wong, 40 F.3d 1347, 1375 (2d Cir. 1994); United States v. Grubb, 11 F.3d 426, 439 (4th Cir. 1993); United States v. Eufrasio, 935 F.2d 553, 566-67 (3d Cir. 1991); United States v. Gonzalez, 921 F.2d 1530, 1540 (11th Cir. 1991); United States v. Tillem, 906 F.2d 814, 822 (2d Cir. 1990); United States v. Angiulo, 897 F.2d 1169, 1180 (1st Cir. 1990); United States v. Salerno, 868 F.2d 524, 533 (2d Cir. 1989); United States v. Indelicato, 865 F.2d 1370, 1382-84 (2d Cir. 1989) (en banc); United States v. Pieper, 854 F.2d 1020, 1026-27 (7th Cir. 1988); United States v. Horak, 833 F.2d 1235, 1239-40 (7th Cir. 1987); United States v. Robilotto, 828 F.2d 940, 947-48 (2d Cir. 1987); United States v. Qaoud, 777 F.2d 1105, 1115 (6th Cir. 1985); United States v. Carter, 721 F.2d 1514, 1526-27 (11th Cir. 1984); United States v. Provenzano, 688 F.2d 194, 200 (3d Cir. 1982); United States v. Phillips, 664 F.2d 971, 1011-12 (5th Cir. 1981); United States v. Lee Stoller Enterprises, Inc., 652 F.2d 1313, 1319 (7th Cir. 1981); United States v. Weisman, 624 F.2d 1118, 1121-23 (2d Cir. 1980); United States v. Elliott, 571 F.2d 880, 899 (5th Cir. 1978); and cases cited n. 2.

## DIFFERENCES BETWEEN A RICO CONSPIRACY OFFENSE
## AND A RICO SUBSTANTIVE OFFENSE

To convict a defendant on the charged RICO conspiracy offense in Count One, the government is **not** required to prove that any defendant or any conspirator actually committed any racketeering act.  Moreover, it is not necessary, in order to convict a defendant of a charge of conspiracy, that the objectives or purposes of the conspiracy, whatever they may be, have been achieved or accomplished.  The ultimate success or failure of the conspiracy is irrelevant.  Rather, the conspiratorial agreement to commit a RICO offense is the essential aspect of a RICO conspiracy

Hobson, 893 F.2d 1267 (11th Cir. 1990); United States v. Kaplan, 886 F.2d 536, 543 (2d Cir. 1989); United States v. Idelicato, 865 F.2d 1370, 1383-84 (2d Cir. 1989) (en banc).

offense.

Moreover, the government **is not** required to prove that the alleged enterprise was **actually** established, that the defendant was **actually** employed by or associated with the enterprise, or that the enterprise was **actually** engaged in, or its activities **actually** affected, interstate or foreign commerce. Rather, because the agreement to commit a RICO offense is the essence of a RICO conspiracy offense, the government need only prove that if the conspiracy offense were completed as contemplated, the enterprise **would be** established, that the defendant **would be** employed by or associated with the enterprise, and that the enterprise **would be** engaged in, or its activities **would** affect, interstate or foreign commerce.

Finally, the government need not prove that the defendant personally participated in the operation or management of the enterprise. A defendant may be convicted of a RICO conspiracy offense even if he did not personally participate in the operation or management of the enterprise when the evidence establishes that the defendant knowingly agreed to facilitate a scheme which, if completed, would constitute a RICO substantive violation involving at least one conspirator who would participate in the operation or management of the enterprise.[5]

_____

[5] See, United States v. Fernandez, 388 F.3d 1199 (9th Cir. 2004), *overruling* Neibel v. Trans World Assurance Co., 108 F.3d 1123, 1128-29 (9th Cir. 1997); Smith v. Berg, 247 F.3d 532, 534 (3rd Cir. 2001), *overruling* United States v. Antar, 53 F.3d 568, 581 (3d Cir. 1995); Brouwer v. Raffensperger, Hughes & Co., 199 F.3d 961 (7th Cir. 2000); United States v. Posada-Rios, 158 F.3d 832, 857 (5th Cir. 1998); United States v. Castro, 89 F.3d 1443, 1451-52 (11th Cir. 1996), cert. denied, 117 S. Ct. 1905 (1997); MCM Partners, Inc. v. Andrews-Bartlett & Associates, 62 F.3d 967, 979-81 (7th Cir. 1995); United States v. Starrett, 55 F.3d 1525, 1547-48 (11th Cir. 1995), cert. denied, 116 S. Ct. 135 (1996); United States v. Napoli, 45 F.3d 680, 683-84 (2d Cir.), cert. denied, 115 S. Ct. 1796 (1995); United States v. Viola, 35 F.3d 37, 43-44 (2d Cir. 1994), cert. denied, 115 S. Ct. 1270 (1995); United States v. Quintanilla, 2 F. 3d 1469, 1484-85 (7th Cir. 1993). See also United States v. Thomas, 114 F.3d 228, 243 (D.C. Cir. 1997) (declining to resolve the issue).

**AUTHORITY**

Seventh Circuit Pattern Jury Instructions (1999 Ed.); <u>Salinas v. United States</u>, 522 U.S. 52, 62-65 (1997); <u>Smith v. Berg</u>, 247 F.3d 532, 537-38 (3d Cir. 2001); <u>United States v. Posada-Rios</u>, 158 F.3d 832, 857 (5th Cir. 1998); <u>United States v. To</u>, 144 F.3d 737, 744 (11th Cir. 1998); <u>MCM Partners, Inc. v. Andrews-Bartlett & Assocs.</u>, 62 F.3d 967, 979 (7th Cir. 1995); <u>United States v. Starrett</u>, 55 F.3d 1525, 1547-48 (11th Cir. 1995); <u>Napoli v. United States</u>, 45 F.3d 680, 683-84(2d Cir. 1995); <u>United States v. Viola</u>, 35 F.3d 37, 42-43 (2d Cir. 1994); <u>United States v. Quintanilla</u>, 2 F.3d 1469, 1484-85 (7th Cir. 1993).

**AGREEMENT TO COMMIT A RICO OFFENSE**

As I previously stated, the agreement to commit a RICO offense is the essential aspect of a RICO conspiracy offense.

The jury may find that a defendant has entered into the requisite agreement to violate RICO when the government has proven beyond a reasonable doubt that the defendant agreed with at least one other co-conspirator that at least two racketeering acts would be committed by a member of the conspiracy in the conduct of the affairs of the enterprise. The government is not required to prove that the defendant personally committed two racketeering acts, or that he agreed to personally commit two racketeering acts. Rather, the government must prove beyond a reasonable doubt that the defendant agreed to participate in the enterprise with the knowledge and intent that at least one member of the RICO conspiracy (which could be the defendant himself) would commit at least two predicate racketeering acts in the conduct of affairs of the enterprise.

Moreover, in order to convict the defendant of the RICO conspiracy offense, the jury's verdict must be unanimous as to which racketeering acts you believe beyond a reasonable doubt that the defendant conspired to commit. Unless you are unanimous in finding beyond a reasonable doubt that the defendant conspired to commit a charged racketeering act, you must disregard that act in deciding whether the defendant is guilty or not guilty of conspiring to engage in racketeering. It is

not sufficient that some of the jurors find the defendant conspired to commit two of the acts while others of you find that he conspired to commit different acts. However, it is sufficient to convict the defendant if you are unanimous in finding that he conspired to commit at least two of the acts and you are all in agreement as to which two acts he conspired to commit.

Furthermore, to establish the requisite conspiratorial agreement, the government is not required to prove that each co-conspirator explicitly agreed with every other co-conspirator to commit the substantive RICO offense, or knew all his fellow conspirators or was aware of all of the details of the conspiracy. Rather, to establish sufficient knowledge, it is only required that the defendant know the general nature and common purpose of the conspiracy and that the conspiracy extends beyond his individual role. Moreover, the elements of a RICO conspiracy, such as the conspiratorial agreement, the defendant's knowledge of it, and the defendant's participation in the conspiracy, may be inferred from circumstantial evidence. For example, when the evidence establishes that the defendant and at least one other conspirator committed several racketeering acts in furtherance of the charged enterprise's affairs, the jury may infer the existence of the requisite agreement to commit a RICO offense.[6] However, it is for the jury to determine whether, based on the entirety of the evidence, the government has proven that the defendant entered into the required conspiratorial agreement.

Furthermore, it is not necessary that the government prove that a particular defendant was a member of the conspiracy from its beginning. Different persons may become members of the

---

[6] See, e.g., United States v. Ashman, 979 F.2d 469, 492 (7th Cir. 1992); United States v. Crockett, 979 F.2d 1204, 1208-09 (7th Cir. 1992); United States v. Carlock, 806 F.2d 535, 547 (5th Cir. 1986); United States v. Melton, 689 F.2d 679, 683 (7th Cir. 1982); United States v. Sutherland, 656 F.2d 1181, 1187 n. 4 (5th Cir. 1981); United States v. Elliott, 571 F.2d 880, 903 (5th Cir. 1978).

conspiracy at different times.

If you find that there is a conspiracy, you may consider the acts and statements of any other member of the conspiracy during and in the furtherance of the conspiracy as evidence against a defendant whom you have found to be a member of it. When persons enter into a conspiracy, they become agents for each other, so that the act or statement of one conspirator during the existence of, and in furtherance of, the conspiracy is considered the act or statement of all the other conspirators and is evidence against them all.

Moreover, a defendant may be convicted as a conspirator even though he or she plays a minor role in the conspiracy, provided that you find beyond a reasonable doubt that the conspiracy existed, and that the defendant knowingly participated in the conspiracy with the intent to assist other conspirators in accomplishing its objective or objectives.

**AUTHORITY**

Seventh Circuit Pattern Jury Instructions (1999 Ed.); Eleventh Circuit Pattern Jury Instructions, § 71.2 (2003 Ed.); Salinas v. United States, 522 U.S. 52, 62-65 (1997); United States v. Smith, 413 F.3d 1253, 1272-1273 (10th Cir. 2005); U.S. v. Saadey, 393 F.3d 669, 676 (6th Cir. 2005); United States v. Pipkins, 378 F.3d 1281, 1288 (11th Cir. 2004); United States v. Harriston, 329 F.3d 779, 785 (11th Cir. 2003); United States v. Ciccone, 312 F.3d 535, 542 (2nd Cir. 2002); United States v. Abbell, 271 F.3d 1286, 1299 (11th Cir. 2001); United States v. Nguyen, 255 F.3d 1335, 1341 (11th Cir. 2001); United States v. Zichettello, 208 F.3d 72, 100 (2d Cir. 2000); United States v. Posada-Rios, 158 F.3d 832, 857 (5th Cir. 1998); United States v. To, 144 F.3d 737, 744 (11th Cir. 1998); United States v. Starrett, 55 F.3d 1525, 1543-44 (11th Cir. 1995); United States v. Quintanilla, 2 F. 3d 1469, 1484 (7th Cir. 1993); United States v. Eufrasio, 935 F.2d 553, 577 (3d Cir. 1991); United States v. Rastelli, 870 F.2d 822, 825 (2d Cir. 1989); United States v. Neapolitan, 791 F.2d 489, 498 (7th Cir. 1968); United States v. Elliot, 571 F.2d 880, 903-04 (5th Cir. 1978).

**RACKETEERING ACTS**

Count One of the Indictment alleges the Defendants agreed that two or more racketeering acts would be committed in conducting the affairs of the enterprise. However, the Indictment does not

allege that each Defendants agreed to all of racketeering acts alleged and you should consider each Defendant independently bearing in mind the racketeering acts in which the respective Defendants are named. All of the racketeering acts alleged are as follows:

Racketeering Act Twelve (Murder of Raymond "Mon" "Nochipa" Rodriguez)

Racketeering Act Seventeen (Murder of Mercy Brooks)

Racketeering Act Eighteen (Murder of Tony Rodriguez)

Racketeering Act Nineteen (Murder of Juan "Green" Perez)

Racketeering Act Twenty (Murder of Roy Vera)

Racketeering Act Twenty-one (Murder of Rudy "Scooby" Contreras)

Racketeering Act Twenty-two (Murder of Joe Santos)

Racketeering Act Twenty-five (Attempted Murder of Ernesto "Neto" Rodriguez):

Racketeering Act Twenty-six (Conspiracy to Interfere with Commerce by Extortion)

Racketeering Act Twenty-seven (Conspiracy to Distribute Narcotics)

To prove the defendant agreed that a racketeering act alleged in Count One of the Indictment would be committed in conducting or participating in the conduct of the affairs of the enterprise, the government must prove beyond a reasonable doubt the following:

**Murder in violation of Texas law**

Racketeering Acts 12, 16, 18, 19, 20, 21, and 22, allege the offense of murder in violation of Texas law. The Texas Penal Code, Sections 7.01, 7.02, and 19.02, makes it a crime to intentionally or knowingly cause the death of an individual.

To find that the defendant along with others committed the offense of murder as charged in Racketeering Acts 12, 16, 18, 19, 20, 21, and 22, the government must prove beyond a

reasonable doubt the following:

1) That the defendant and others individually or otherwise did intentionally and knowingly;

2) Cause the death of the individual named in the racketeering act in the manner alleged in the racketeering act you are considering.

Under Texas law, a person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Under 7.01 of the Texas Penal Code a person is criminally responsible as a party to an offense if the offense is committed by their own conduct, by the conduct of another for which he is criminally responsible, or by both.

Under 7.02(a)(2) of the Texas Penal Code a person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

**Conspiracy to commit murder in violation of Texas law**

Racketeering Acts 12, 16, 18, 19, 20, 21, and 22, also allege the offense of conspiracy to commit murder in violation of Texas law. The Texas Penal Code, Sections 15.02, and 19.02, makes it a crime to conspire to intentionally or knowingly cause the death of an individual.

A person commits a criminal conspiracy if, with the intent that a felony be committed: (1) he agrees with one or more persons that they or one or more of them engage in conduct that would

constitute the offense; and (2) he or one or more of them performs an overt act in pursuance of the agreement.

An agreement constituting a conspiracy may be inferred from the acts of the parties.

To find that the defendant along with others committed the offense of conspiracy to commit murder as charged in Racketeering Acts 12, 16, 18, 19, 20, 21, and 22, the government must prove beyond a reasonable doubt the following:

The defendant, with the intent that murder be committed: (1) agreed with one or more persons that they or one or more of them would engage in conduct that would constitute the offense of murder; and (2) the defendant or one or more of those with whom he has agreed, performed an overt act in pursuance of the agreement in the manner alleged in the racketeering act you are considering.

My instructions above regarding the state offense of murder are applicable.

**Attempted murder in violation of Texas law**

Racketeering Act 25 of the Indictment alleges attempted murder in violation of Texas law. The Texas Penal Code, Section 7.01, 7.02, 15.01 and 19.02, makes it a crime to attempt to commit an offense by doing an act with the specific intent to commit that offense, which act amounts to more than mere preparation that tends but fails to effect the commission of the offense intended. To find the defendant committed the offense of attempted murder, as alleged in Racketeering Act 25, the government must prove beyond a reasonable doubt each of the following:

1) That the defendant and others individually or otherwise with the specific intent to cause the death of another;

2) Did an act in more than mere preparation;

33

3) But failed to effect the death of the individual named in the racketeering act you are considering.

For the purposes of considering whether the defendant and others individually or otherwise committed the offense of attempted murder, a person acts intentionally, or with intent, with respect to the nature of his conduct or a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. Sections 7.01 and 7.02(a)(2) of the Texas Penal Code that I discussed above regarding Racketeering Acts 12, 16, 18, 19, 20, 21, and 22, are also applicable.

**Conspiracy to Interfere with Commerce by Extortion**

Racketeering Act 26 alleges that the defendants and others committed the offense of conspiracy to interfere with commerce by extortion in violation of Title 18, United States Code, Section 1951. Title 18, United States Code, Section 1951(a), makes it a crime for anyone to obstruct commerce by extortion. Extortion means the obtaining of or attempting to obtain property from another, with that person's consent, induced by wrongful use of actual or threatened force, violence, or fear.

To find that the defendant along with others committed the offense of conspiracy to interfere with commerce by extortion in violation of Title 18, United States Code, Section 1951 as charged in Racketeering Act 26, the government must prove beyond a reasonable doubt the following:

1) That the defendant and other persons, directly or indirectly, reached an agreement to interfere with commerce by extortion;

2) That the defendant knew of the unlawful purpose of the agreement;

3) That the defendant joined in the agreement willfully, that is, with the intent to

further its unlawful purpose; and

       4) That the conspiracy interfered with interstate commerce.

As I discussed in my earlier explanation of conspiracy law, a person may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part. The government in this regard is not required to prove that the defendant was personally involved in obtaining or attempting to obtain property from another.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

The government is not required to prove that any conspirator knew that his conduct would interfere with or affect interstate commerce. It is not necessary for the government to show that a conspirator actually intended or anticipated an effect on interstate commerce by his actions or that

commerce was actually affected.  All that is necessary is that the natural and probable consequence of the acts agreed upon by the conspirators would be to affect interstate commerce.  If you decide that there would be any effect at all on interstate commerce, then that is enough to satisfy this element.  The effect can be minimal.

The term "property" includes money and other tangible and intangible things of value.

The term "fear" includes fear of economic loss or damage, as well as fear of physical harm. It is not necessary that the government prove that the fear was a consequence of a direct threat;  it is sufficient for the government to show that the victim's fear was reasonable under the circumstances.

The use of actual or threatened force, violence, or fear is "wrongful" if its purpose is to cause the victim to give property to someone who has no legitimate claim to the property**.**

As I discussed in my earlier explanation of conspiracy law when instructing you on Count One, a person may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.  If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

**Conspiracy to distribute heroin and cocaine**

Racketeering Act 27 alleges that the defendants and others committed the offense of conspiracy to distribute more than one kilogram and more than five kilograms of cocaine, which is a violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

To find that the defendant along with others committed the offense of conspiracy to

distribute more than one kilogram of heroin and five kilograms of cocaine as charged in Racketeering Act 27, the government must prove beyond a reasonable doubt the following:

1) That the defendant and other persons, directly or indirectly, reached an agreement to distribute a controlled substance, namely heroin or cocaine;

2) That the defendant knew of the unlawful purpose of the agreement;

3) That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and

4) That the overall scope of the conspiracy involved at least one kilogram of heroin or five kilograms of cocaine.

As I discussed in my earlier explanation of conspiracy law when instructing you on Count One, a person may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part. The government in this regard is not required to prove that the defendant was personally involved in a quantity of heroin in excess of one kilogram or cocaine in excess of 5 kilograms, only that the overall conspiracy to distribute cocaine involved more than one kilogram of heroin or 5 kilograms of cocaine.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

To distribute simply means to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

## KNOWLEDGE

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## INTERSTATE COMMERCE-FOREIGN COMMERCE-COMMERCE-DEFINED

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

Commerce includes travel, trade, transportation and communication.

## UNANIMITY THEORY

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement in this case.

Each count of the indictment charges the defendant with a violation of federal law. The

indictment alleges a number of separate means, methods, or acts by which the defendant is accused of violating each of these laws.

The government does not have to prove all of the means, methods, or acts as alleged in the indictment for you to return a guilty verdict.

Each juror must agree with each of the other jurors, however, that the same means or method or act alleged in the indictment was, in fact, engaged in or employed by the defendant in committing the crimes charged in the indictment. The jury need not unanimously agree on each means, method, or act, but in order to return a guilty verdict, all twelve of you must agree on the same ones as having been engaged in by the defendant.

Unless the government has proven the same means, method, or act to each of you, beyond a reasonable doubt, you must acquit the defendant of the crime charged in the indictment.

**DUTY TO DELIBERATE-VERDICT FORM**

To reach a verdict, all of you must agree. Your verdict must be unanimous on the count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinions of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges--judges of the facts. Your sole interest is to

seek the truth from the evidence in the case, to decide whether the government has proved each defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and who will speak for you here in the courtroom. A form of verdict has been prepared for your convenience. But before answering the verdict forms, please answer the Special Issues submitted to you.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the courtroom to answer your message.

Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

**SPECIAL ISSUES (JACINTO NAVAJAR)**

With regard to Defendant JACINTO NAVAJAR, we, the jury, find that the Defendant JACINTO NAVAJAR:

("did" or "did not"): _____ agree that at least one member of the conspiracy would attempt to murder Ernesto "Neto" Rodriguez;

("did" or "did not"): _____ agree that at least two members of the conspiracy would conspire to murder Ernesto "Neto" Rodriguez;

("did" or "did not"): _____ agree that at least two members of the conspiracy would conspire to interfere with commerce by extortion;

("did" or "did not"): _____ agree that at least two members of the conspiracy would conspire to distribute more at least one kilogram of heroin or at least five kilograms of cocaine.

## SPECIAL ISSUES (JOSE MARTINEZ)

With regard to Defendant JOSE MARTINEZ, we, the jury, find that the Defendant JOSE MARTINEZ:

("did" or "did not"): _____ agree that at least one member of the conspiracy would murder Raymond "Mon" "Nochipa" Rodriguez;

("did" or "did not"): _____ agree that at least two members of the conspiracy would conspire to murder Raymond "Mon" "Nochipa" Rodriguez;

("did" or "did not"): _____ agree that at least one member of the conspiracy would murder Mercy Brooks;

("did" or "did not"): _____ agree that at least two members of the conspiracy would conspire to murder Mercy Brooks;

("did" or "did not"): _____ agree that at least one member of the conspiracy would murder Tony Rodriguez;

("did" or "did not"): _____ agree that at least two members of the conspiracy would conspire to murder Tony Rodriguez;

("did" or "did not"): _____ agree that at least one member of the conspiracy would murder Juan "Green" Perez;

("did" or "did not"): _____ agree that at least two members of the conspiracy would conspire to murder Juan "Green" Perez;

("did" or "did not"): _____ agree that at least two members of the conspiracy would conspire to murder Roy Vera;

("did" or "did not"): _____ agree that at least one member of the conspiracy would murder Joe Santos;

("did" or "did not"): _____ agree that at least two members of the conspiracy would conspire to murder Joe Santos;

("did" or "did not"): _____ agree that at least two members of the conspiracy would conspire to interfere with commerce by extortion;

("did" or "did not"): _____ agree that at least two members of the conspiracy would conspire to distribute more at least one kilogram of heroin or at least five kilograms of cocaine.

## SPECIAL ISSUES (MIKE GARCIA)

With regard to Defendant MIKE GARCIA, we, the jury, find that the Defendant MIKE GARCIA:

("did" or "did not"): _____ agree that at least one member of the conspiracy would murder Roy Vera;

("did" or "did not"): _____ agree that at least two members of the conspiracy would conspire to murder Roy Vera;

("did" or "did not"): _____ agree that at least two members of

the conspiracy would conspire to interfere with commerce by extortion;

("did" or "did not"): _____ agree that at least two members of

the conspiracy would conspire to distribute more at least one kilogram of heroin or at least five

kilograms of cocaine.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PROPOSED INSTRUCTIONS**

**TO THE JURY** has been served electronically on defense counsel via the United States Clerk EFC

system simultaneously with the filing of this document.

_/s/_____
Jose Contreras
Assistant United States Attorney